## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

**AARON GREENSPAN**,
956 Carolina Street
San Francisco, CA 94107

      Plaintiff,

      **v.**

**EXECUTIVE OFFICE FOR U.S. ATTORNEYS**,
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**U.S. DEPARTMENT OF STATE**,
2201 C Street, NW
Washington, D.C. 20520

**FEDERAL BUREAU OF INVESTIGATION**,
935 Pennsylvania Avenue, NW
Washington, D.C. 20535

**U.S. DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**,
1111 Constitution Avenue, NW
Washington, D.C. 20224

**U.S. DRUG ENFORCEMENT**
**ADMINISTRATION**,
8701 Morrissette Drive
Springfield, VA 22152

      Defendants.

Case: 1:23−cv−01816
Assigned To : Howell, Beryl A.
Assign. Date : 6/12/2023
Description: FOIA/Privacy Act (I−DECK)

## **COMPLAINT**

1.    Plaintiff AARON GREENSPAN brings this Freedom of Information Act suit to

force Defendants EXECUTIVE OFFICE FOR U.S. ATTORNEYS ("EOUSA"), U.S.

DEPARTMENT OF STATE ("State"), FEDERAL BUREAU OF INVESTIGATION ("FBI"),



**RECEIVED**

JUN  12  2023

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

U.S. DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE ("IRS"), and

U.S. DRUG ENFORCEMENT ADMINISTRATION ("DEA") to produce various agency records

pertaining to their investigations into the current President of Nigeria, Bola Ahmed Tinubu.  In

violation of FOIA, Defendants have failed to issue determinations within the statutory deadline,

have failed to conduct reasonable searches for records, and/or have failed to produce records

responsive to Plaintiff's FOIA requests.

2.      President Tinubu is the former owner of several international bank accounts that

were named as defendants in a civil forfeiture action in the Northern District of Illinois in 1993.

*See USA v. Acct 263226700, et al*, Northern District of Illinois Case No. 1:93-cv-04483, accessible

at  https://www.plainsite.org/dockets/2jqi9omh8/illinois-northern-district-court/usa-v-acct-263226700-et-al/.

The case details President Tinubu's involvement laundering money for a Chicago heroin ring that

operated in in the early 1990s.  The affidavit of IRS Special Agent Kevin Moss, Document 1-1 in

the case, enumerates the methods used and federal crimes committed by President Tinubu, and

also details the fact that he was repeatedly interviewed by the FBI.

3.      The Moss affidavit also states that President Tinubu did not file a U.S. tax return.

4.      For unknown reasons, President Tinubu was never criminally charged and was

allowed to return to Nigeria, where he eventually became Governor of Lagos State, and then as of

May 2023, President.

5.      In legal proceedings in Nigeria, President Tinubu has cited the fact that he was

never criminally charged by the U.S. Government as evidence that he is qualified to hold the office

of President of Nigeria.

6.      For months, as President Tinubu campaigned in Nigeria, of the roughly 15 million

federal and state dockets visible on PlainSite, *USA v. Acct 263226700, et al* was the most

frequently requested, with approximately 125,000 views total as of the date of this document's filing.

## PARTIES

2.    Plaintiff AARON GREENSPAN made the FOIA requests at issue in this case. GREENSPAN founded and operates PlainSite (https://www.plainsite.org), an online platform created as an initiative to further legal transparency and anti-corruption by making government and business dealings more accessible and transparent to the general public.

3.    Defendant U.S. EXECUTIVE OFFICE FOR U.S. ATTORNEYS is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.    Defendant U.S. DEPARTMENT OF STATE is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.    Defendant FEDERAL BUREAU OF INVESTIGATION is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

6.    Defendant U.S. DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

7.    Defendant U.S. DRUG ENFORCEMENT ADMINISTRATION is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

8.    This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

9.    Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**MARCH 23, 2023 EOUSA FOIA REQUEST**

10.     On March 23, 2023, Plaintiff submitted a FOIA request to Defendant EOUSA for "Records from the Northern District of Illinois and/or Northern District of Indiana involving charging decisions for the following individuals: 1. Bola Ahmed Tinubu ***PRESIDENT OF NIGERIA AS OF 2/2023*** 2. Mueez Adegboyega Akande ***DECEASED AS OF 11/16/2022***."  The FOIA request as submitted through the EOUSA's FOIA portal is attached as Exhibit 1.

11.     The same day, the EOUSA assigned reference number EOUSA-2023-001637 to the matter.  Exhibit 2.

12.     On March 24, 2023, the EOUSA issued a decision letter denying the request, invoking "5 U.S.C. § 552(b)(6) & (b)(7)(C)."  Exhibit 3.

13.     On April 26, 2023, Plaintiff timely appealed EOUSA's decision by filing an appeal through the United States Department of Justice ("USDOJ") Office of Information Policy FOIA portal.  Exhibit 4.

14.     The USDOJ assigned the FOIA appeal reference number A-2023-01151.  *Id*.

15.     On May 4, 2023, the USDOJ issued a decision letter remanding the request back to EOUSA for further processing in part with regard to Mueez Adegboyega Akande.  The decision stated, "I am otherwise affirming EOUSAs *[sic]* action on your request for records concerning Bola Ahmed Tinubu."  Exhibit 5.

16.     On May 8, 2023, the EOUSA opened a derivative FOIA request based on the remand from USDOJ and assigned that remanded request reference number EOUSA-2023-002028.  Exhibit 6.

17.     On May 16, 2023, the EOUSA issued a final action in for Request No. EOUSA-2023-002028 with a checked box indicating that a "Search for records located in the United States Attorney's Office(s) for the Northern District of Illinois, and the Northern District of Indiana revealed no responsive records regarding the above subject."  The "above subject" in the letter stated as follows: "Records concerning Bola Ahmed Tinubu Mueez Adegboyega Akande."  Exhibit 7.

18.     An adequate search by the EOUSA would have located records responsive to the request.  Therefore, the EOUSA did not perform an adequate search.

19.     On May 18, 2023, Plaintiff timely filed another appeal through the Office of Information Policy FOIA portal.  Exhibit 8.

20.     As of this date of filing, the EOUSA has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.  Also as of the date of this filing, the EOUSA has produced no records responsive to the request.

**APRIL 3, 2023 STATE FOIA REQUEST**

21.     On April 3, 2023, Plaintiff submitted a FOIA request to State for communications concerning Bola Ahmed Tinubu.  The FOIA request as submitted through State's FOIA portal is attached as Exhibit 9.

22.     On April 5, 2023, State assigned reference number F-2023-06770 to the matter.  Exhibit 10.

23.     State wrote that "This Office will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'  See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). In this instance,

the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts." *Id*.

24.     5 U.S.C. § 552(a)(6)(B)(i) allows no more than ten additional business days to process a FOIA request in "unusual circumstances."   Thus, State's deadline to issue a determination was May 15, 2023.

25.     On June 8, 2023, Plaintiff requested an estimated date of completion for Request No. F-2023-06770 pursuant to 5 U.S.C. § 552(a)(7)(B)(ii).  Exhibit 11.

26.     State has not responded to Plaintiff's June 8, 2023 request as of the filing of this Complaint.

27.     As of this date of filing, State has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) or ten additional business days under 5 U.S.C. § 552(a)(6)(B)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.  Also as of the date of this filing, State has produced no records responsive to the request.

**JULY 16, 2022 FBI FOIA REQUEST (LEE ANDREW EDWARDS)**

28.     On July 16, 2022, Plaintiff submitted a FOIA request to the FBI for documents concerning the Chicago heroin trafficking ring operated by the deceased individual Lee Andrew Edwards, for which Bola Ahmed Tinubu laundered millions of dollars.  The FOIA request as submitted through the FBI's FOIA portal is attached as Exhibit 12.

29.     On July 21, 2022, the FBI assigned reference number 1553430-000 to the matter. Exhibit 13.

30.     On August 4, 2022, the FBI wrote, "Please be advised that 'unusual circumstances' apply to the processing of your request.  See 5 U.S.C. § 552 (a)(6)(B)(iii)."  Exhibit 14.

31.     5 U.S.C. § 552(a)(6)(B)(i) allows no more than ten additional business days to process a FOIA request in "unusual circumstances."

32.     On October 27, 2022, the FBI wrote to Plaintiff with an estimated cost of $2,110.00 to process "approximately 70,107 pages of records" and inviting Plaintiff to narrow the request to reduce its complexity and cost burden.  Exhibit 15.

33.     Later on October 27, 2022, Plaintiff narrowed the request via fax to "only those records concerning K.O. Tinubu and Bola Ahmed Tinubu and his various enterprises…"  Exhibit 16.

34.     On March 2, 2023, the FBI informed Plaintiff that his request for a fee waiver had been denied because Plaintiff "failed to demonstrate that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government."  Exhibit 17.

35.     On March 21, 2023, Plaintiff sent an e-mail to the FBI FOIA Office 1) requesting an estimated date of completion pursuant to 5 U.S.C. § 552(a)(7)(B)(ii); 2) informing the FBI that Bola Ahmed Tinubu had reportedly won the Nigerian Presidential election; and 3) asking for confirmation that the fax narrowing the request had been received.  Exhibit 18.

36.     On March 22, 2023, the FBI responded to Plaintiff e-mail with an estimated date of completion of "January 2026" and confirming that Plaintiff's fax narrowing the request had been received.  Exhibit 19.

37.     As of this date of filing, the FBI has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) or ten additional business days under 5 U.S.C. § 552(a)(6)(B)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

**MARCH 23, 2023 FBI FOIA REQUEST (MUEEZ ADEGBOYEGA AKANDE)**

38.     On March 23, 2023, Plaintiff submitted a FOIA request to the FBI for documents pertaining to the reportedly deceased individual Mueez Adegboyega Akande.  The FOIA request as submitted through the FBI's FOIA portal is attached as Exhibit 20.

39.     On March 28, 2023, the FBI assigned reference number 1587544-000 to the matter. Exhibit 21.

40.     In the same notice, the FBI improperly classified Plaintiff as a "general (all others) requester," and not a "representative of the news media requester."  *Id*.

41.     As of this date of filing, the FBI has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) or ten additional business days under 5 U.S.C. § 552(a)(6)(B)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

**MARCH 29, 2023 FBI FOIA REQUEST (BOLA AHMED TINUBU CASE FILE)**

42.     On March 29, 2023, Plaintiff submitted a FOIA request to the FBI for "The entire FBI file for Bola Ahmed Tinubu, DOB 3/29/1952, President-Elect of Nigeria as of February 2023." The FOIA request as submitted through the FBI's FOIA portal is attached as Exhibit 22.

43.     On April 4, 2023, the FBI assigned reference number 1588244-000 to the matter. Exhibit 23.

44.     In the same letter, the FBI wrote, "Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. § 552(b)(6) and (b)(7)(C).  The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy."  *Id*.

45.     In the same letter, the FBI closed the request.

46.     On April 26, 2023, Plaintiff timely appealed the FBI's decision by filing an appeal through the United States Department of Justice ("USDOJ") Office of Information Policy FOIA portal.  Exhibit 24.

47.     The USDOJ assigned the FOIA appeal reference number A-2023-01148.  *Id*.

48.     On May 4, 2023, the USDOJ issued a decision letter affirming the FBI's decision not to confirm or deny the existence of records and closing the appeal.  Exhibit 25.

49.      As of this date of filing, the FBI has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

**MAY 23, 2023 FBI FOIA REQUEST (BOLA AHMED TINUBU INTERVIEW 302S)**

50.     On May 23, 2023, Plaintiff submitted a FOIA request to the FBI for "FBI 302 interviews with Bola Tinubu from FBI Case No. 245-IP-71386-UUUUUU during the timeframe 1992-1993."  The FOIA request as submitted through the FBI's FOIA portal is attached as Exhibit 26.

51.     On May 31, 2023, the FBI assigned reference number 1593615-000 to the matter. Exhibit 27.

52.     In the same letter, the FBI wrote, "Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. § 552(b)(6) and (b)(7)(C).  The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy."  *Id*.

53.     In the same letter, the FBI closed the request.

54.     On June 6, 2023, Plaintiff timely appealed the FBI's decision by filing an appeal through the United States Department of Justice ("USDOJ") Office of Information Policy FOIA portal.  Exhibit 28.

55.     The USDOJ assigned the FOIA appeal reference number A-2023-01393.  *Id*.

56.     On June 8, 2023, the USDOJ issued a decision letter affirming the FBI's decision not to confirm or deny the existence of records and closing the appeal.  Exhibit 29.

57.     As of this date of filing, the FBI has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

**MARCH 23, 2023 IRS FOIA REQUEST**

58.     On March 23, 2023, Plaintiff submitted a FOIA request to the IRS for "Records pertaining to the civil forfeiture action filed in the Northern District of Illinois in 1993, Case No. 1:93-cv-04483, USA v. Acct 263226700, et al.  The IRS Special Agent assigned to the case was Kevin Moss. The targets of the investigation were Bola Ahmed Tinubu and Adegboyega Mueez Akande."  The FOIA request as submitted through the federal FOIA portal is attached as Exhibit 30.

59.     On April 3, 2023, the IRS assigned reference number 2023-11044 to the matter. Exhibit 31.

60.     In the same letter, the IRS provided an estimated completion date of April 20, 2023. *Id*.

61.     On April 6, 2023, the IRS denied the request citing "FOIA subsection (b)(3)" and "Section 6103 of Title 26," or "26 U.S.C. § 6103."  Exhibit 32.

62.     On April 19, 2023, Plaintiff timely appealed the IRS's decision by mailing an appeal to the IRS Independent Office of Appeals.  Exhibit 33.

63.     On May 3, 2023, the IRS confirmed receipt of the FOIA appeal, but did not assign it a distinct reference number.  Exhibit 34.

64.     On May 17, 2023, the IRS Independent Office of Appeals affirmed the denial of the FOIA request citing the definition of "return information" in 26 U.S.C. § 6103.  Exhibit 35.

65.     The information requested by Plaintiff was not and is not "return information."

66.     As of this date of filing, the IRS has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

## JULY 21, 2022 DEA FOIA REQUEST

67.     On July 21, 2022, Plaintiff submitted a FOIA request to the DEA for "Any records from the DEA's Hammond, Indiana or Washington, D.C. offices concerning the Nigerian heroin distribution organization active from approximately 1988 to 1994 or later involving any of the following third parties Tinubu, Bola Ahmed and Edwards, Lee Andrew. This organization is described in a civil forfeiture complaint and IRS CI affidavit in ILND Case No. 1:93-cv-04483: https://www.plainsite.org/dockets/2jqi9omh8/illinois-northern-district-court/usa-v-acct-263226700-et-al/. (Date Range for Record Search: From 1/1/1988 To 1/1/1994)."  The FOIA request as submitted through the DEA's FOIA portal is attached as Exhibit 36.

68.     On July 21, 2022, the DEA assigned reference number 22-00892-F to the matter. Exhibit 37.

69.     On August 22, 2022, the DEA wrote, "please be advised that we have decided to neither confirm nor deny the existence of such records pursuant to Exemptions 6 & 7(C) of the FOIA.  *See* 5 U.S.C. § 552(b)(6), (7)(C).  Even to acknowledge the existence of law enforcement records on another individual could reasonably be expected to constitute an unwarranted invasion of personal privacy."  Exhibit 38.

70.     In a separate e-mail the same day, the DEA closed the request.  Exhibit 39.

71.     On August 23, 2022, Plaintiff timely appealed the DEA's decision by filing an appeal through the United States Department of Justice ("USDOJ") Office of Information Policy FOIA portal.  Exhibit 40.

72.     The USDOJ assigned the FOIA appeal reference number A-2022-01983.  *Id*.

73.     On November 30, 2022, the USDOJ issued a decision letter affirming the DEA's decision not to confirm or deny the existence of records and closing the appeal.  Exhibit 41.

74.     As of this date of filing, the DEA has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

## COUNT I
### MARCH 23, 2023 EOUSA FOIA REQUEST
### EOUSA'S FOIA VIOLATION

75.     The above paragraphs are incorporated herein.

76.     The request seeks disclosure of agency records and was properly made.

77.     The EOUSA is a federal agency and subject to FOIA.

78.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

79.     In violation of 5 U.S.C. § 552(a)(3)(A), the EOUSA has failed to promptly produce records responsive to the request.

## COUNT II
### APRIL 3, 2023 STATE FOIA REQUEST
### STATE'S FOIA VIOLATION

80.     The above paragraphs are incorporated herein.

81.     The request seeks disclosure of agency records and was properly made.

82.     State is a federal agency and subject to FOIA.

83.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

84.     In violation of 5 U.S.C. § 552(a)(6)(A)(i) and (a)(3)(A), State has failed to issue a determination and has failed to promptly produce records responsive to the request.

**COUNT III**
**JULY 16, 2022 FBI FOIA REQUEST (LEE ANDREW EDWARDS)**
**FBI'S FOIA VIOLATION**

85.     The above paragraphs are incorporated herein.

86.     The request seeks disclosure of agency records and was properly made.

87.     The FBI is a federal agency and subject to FOIA.

88.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

89.     In violation of 5 U.S.C. § 552(a)(3)(A), the FBI has failed to promptly produce records responsive to the request.

**COUNT IV**
**MARCH 23, 2023 FBI FOIA REQUEST (MUEEZ ADEGBOYEGA AKANDE)**
**FBI'S FOIA VIOLATION**

90.     The above paragraphs are incorporated herein.

91.     The request seeks disclosure of agency records and was properly made.

92.     The FBI is a federal agency and subject to FOIA.

93.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

94.     In violation of 5 U.S.C. § 552(a)(3)(A), the FBI has failed to promptly produce records responsive to the request.

## COUNT V
## MARCH 29, 2023 FBI FOIA REQUEST (BOLA AHMED TINUBU CASE FILE)
## FBI'S FOIA VIOLATION

95.     The above paragraphs are incorporated herein.

96.     The request seeks disclosure of agency records and were properly made.

97.     The FBI is a federal agency and subject to FOIA.

98.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

99.     In violation of 5 U.S.C. § 552(a)(3)(A), the FBI has failed to promptly produce records responsive to the Request.

## COUNT VI
## MAY 23, 2023 FBI FOIA REQUEST (BOLA AHMED TINUBU INTERVIEW 302S)
## FBI'S FOIA VIOLATION

100.    The above paragraphs are incorporated herein.

101.    The request seeks disclosure of agency records and were properly made.

102.    The FBI is a federal agency and subject to FOIA.

103.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

104.    In violation of 5 U.S.C. § 552(a)(3)(A), the FBI has failed to promptly produce records responsive to the request.

## COUNT VII
## MARCH 23, 2023 IRS FOIA REQUEST
## IRS'S FOIA VIOLATION

105.    The above paragraphs are incorporated herein.

106.    The request seeks disclosure of agency records and were properly made.

107.    The IRS is a federal agency and subject to FOIA.

108.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

109.    In violation of 5 U.S.C. § 552(a)(3)(A), the IRS has failed to promptly produce records responsive to the request.

**COUNT VII**
**JULY 21, 2022 DEA FOIA REQUEST**
**DEA'S FOIA VIOLATION**

110.    The above paragraphs are incorporated herein.

111.    The request seeks disclosure of agency records and were properly made.

112.    The DEA is a federal agency and subject to FOIA.

113.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

114.    In violation of 5 U.S.C. § 552(a)(3)(A), the DEA has failed to promptly produce records responsive to the request.


**WHEREFORE**, GREENSPAN asks the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct reasonable searches for records responsive to the requests and issue determinations pursuant to 5 U.S.C. § 552(a)(3)(B)-(C) and (6)(A)(i);

iii.    order Defendants to promptly produce all non-exempt records responsive to the requests or portions of the requests pursuant to 5 U.S.C. § 552(a)(3)(A);

iii.    enjoin Defendants from withholding non-exempt public records under FOIA pursuant to 5 U.S.C. § 552(a)(4)(B);

iv.     award Plaintiff attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

v.      award such other relief the Court considers appropriate.

Dated: June 12, 2023                    Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org